UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
|---|---|---|---|
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

Present: The Honorable CHRISTINA A. SNYDER

| V.R. VALLERY | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**    (IN CHAMBERS) PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION RE: FIRST CLAIM FOR RELIEF IN COUNTERCLAIM OF HOSTING SERVICES, INC. (Filed 06/28/10)
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (filed 07/19/10)

## I.    INTRODUCTION

On March 25, 2010, plaintiff Barry Rosen ("Rosen") filed the instant action alleging copyright infringement under 17 U.S.C. § 101 et seq. against defendants Hosting Services, Inc. ("HSI") and Does 1 through 10. On May 26, 2010, defendant HSI filed a counterclaim, which it amended June 21, 2010. HSI's first amended counterclaim alleges that plaintiff is in violation of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), and seeks declarations that HSI did not directly or indirectly infringe Rosen's copyrighted works and that HSI is entitled to the protections offered in the DMCA's Safe Harbor provision at § 512(c).

On July 19, 2010, HSI filed a motion for summary judgment with respect to Rosen's complaint. Rosen filed his opposition August 2, 2010. As Rosen's opposition was one week late, HSI filed a motion to strike the opposition, or, in the alternative, to file a late reply on August 10, 2010. The Court has determined that the motion to strike should be denied and grants HSI leave to file a late reply memorandum.

On June 28, 2010, Rosen filed the instant motion for summary judgment on HSI's counterclaim alleging a §512(f) violation. HSI filed its opposition to this motion on July 26, 2010, and Rosen filed his reply on August 2, 2010. A hearing was held on both motions for summary judgment on August 16, 2010. After carefully considering the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
|---|---|---|---|
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

arguments set forth by the parties, the Court finds and concludes as follows.

## II. FACTUAL BACKGROUND

HSI is an Internet Service Provider ("ISP") that provides web hosting services to websites, including the website alleged to have contained the infringing material in this case. Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 1. HSI received a purported takedown notice emailed and faxed by Rosen on March 11, 2010. Id. at 4. This letter was titled "DMCA Notice of Copyright Infringement," and certified under penalty of perjury that he is the "owner or an agent authorized to act on behalf of the owner of certain intellectual property rights," and that he has "a good faith belief that the links or materials identified in the addendums attached hereto . . . infringe the IP Owner's rights according to state, federal, or United States law." Exhibit A to Declaration of Brian Chambers In Support of HSI's Motion for Summary Judgment. The letter further requested that HSI "remove or disable access to the material or items claimed to be infringing." Id. Attached to this letter was an addendum, listing four "items/links identified in are located on [sic] your network servers." Id. Each of the four items listed were identified as "Photo of Daisy Fuentes," and for each item a link to a URL was provided. Id. Notwithstanding the identification of Daisy Fuentes in the notice, there were in fact no photos of her to be taken down from the website. DSUF at 7. In Rosen's complaint, he identifies the actual subject of the allegedly infringing photographs as Amy Weber. DSUF at ¶ 12.

On the afternoon of March 11, 2010, after Rosen sent his notice to HSI, he received an email that indicated that HSI had forwarded the notice to the operators of the website in question requesting they "investigate this issue, [and] take the necessary action." Exhibit 1 to Declaration of Barry Rosen in Opposition to Motion for Summary Judgment by Hosting Services, Inc. The "images at the links reported in the DMCA notice were not removed/disabled" before March 25, 2010, when this lawsuit was filed. Declaration of Barry Rosen in Opposition to Motion for Summary Judgment by Hosting Services, Inc. at ¶ 5. The links have since been removed/disabled. Id.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV. DISCUSSION

    A.    **HSI's Motion for Summary Judgment**

HSI challenges plaintiff's allegations of copyright infringement, contending that, as a matter of law, it cannot be found liable under either a direct or a contributory infringement theory. Mot. at 1. First, HSI argues that it cannot be found liable under a direct infringement theory because, as an ISP, the automatic nature of its servers forecloses a finding of volitional action as required under Netcom and its progeny. Religious Tech. Ctr. v. Netcom On-Line Comm. Svcs, Inc., 907 F. Supp. 1361 (N.D. Cal. 1995) and its progeny. Mot. at 5-7. See, e.g. Ellison v. Robertson, 189 F. Supp. 2d 1051, 1056-57 (C.D. Cal. 2002) (granting defendant ISP's motion for summary adjudication in part on similar grounds where, as here, plaintiff did not oppose on this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

theory, agreeing with Netcom's finding that holding an ISP liable for direct infringement would be "pointless"). As in Ellison and as noted by HSI in its reply, plaintiff's opposition does not respond to HSI's arguments with respect to plaintiff's theory of direct infringement, and it appears that plaintiff concedes this issue. Reply at 2. In any event, the Court finds that plaintiff cannot sustain a claim of direct infringement.

HSI also argues in its motion for summary judgment that it cannot be found liable for contributory infringement as a matter of law. Mot. at 1. Liability for contributory infringement arises where "[a] party . . . 'with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT, § 12.04[A][3][a] at 12-85, citing Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). In the internet context, courts in the Ninth Circuit have found that "a computer system operator can be held contributorily liable if it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1172 (9th Cir. 2007). HSI argues that Rosen cannot demonstrate that it had the requisite knowledge of infringement. Mot. At 3. There is no allegation that HSI had any other basis for being aware of the alleged infringement apart from the takedown letter sent by Rosen. DSUF at ¶ 13. HSI argues that this letter cannot, as a matter of law, have imparted the requisite knowledge of direct infringement to HSI "because it misidentifies the allegedly infringing material, and fails to specify the rights at issue." Id. at 9.

The Court agrees that the takedown notice is insufficient as a matter of law to impart actual knowledge to HSI.[1] The notice contains inherently inconsistent information. While it recites relevant URLs, the reference to Daisy Fuentes, who is not depicted at any of those URLs, makes the notice defective. Because the notice is defective, as a matter of law, HSI cannot be charged with having the requisite knowledge to be contributorily liable.[2] Therefore, the Court GRANTS defendant's motion for

---

[1] In its tentative order, the Court indicated that it was inclined to deny this motion. Upon hearing oral argument by the parties and upon further review, however, the Court finds that the proper result in this matter is to grant this motion.

[2] While HSI states that it is not moving "on the basis that Rosen's notice failed to comply with the requirements of the DMCA," the Court notes that Rosen's substantial non-compliance with the notice requirements of the DMCA further supports the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

summary judgment.

### B. Rosen's Motion for Summary Judgment

Rosen moves for summary judgment on the first claim in HSI's counterclaim, which alleges a violation of the DMCA 17 U.S.C. § 512(f). This section states: "Any person who knowingly materially misrepresents under this section–(1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by . . . a service provider, who is injured by such misrepresentation, as the result of the service provider relying on such misrepresentation in removing or disabling access to the material or activity claimed to be infringing or in replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f).

Rosen argues that this claim is meritless as a matter of law. Mot. at 3. He argues that there was no misrepresentation of infringement in his takedown notice, but rather that it correctly "identified four infringing links containing unauthorized copies of

---

conclusion. Mot. At 10 n. 5. Where knowledge is based on a takedown notice, and that notice is ineffective, "knowledge of infringement may not be imputed" to the ISP. Perfect 10, Inc. v. CCBill LLC, 488 F. 3d 1102, 1113 (2007). See also NIMMER, supra, at § 12B.04[B] at 12B-60 n.50, citing Commerce Rep. (DMCA) p. 54 ("[N]either actual knowledge nor awareness of a 'red flag' may be imputed to a service provider based on information from a copyright owner or its agent that does not comply with the notification provisions [of the DMCA]"). While compliance need not be perfect, it must substantially comply in order to be effective. Perfect 10, Inc. v. CCBill, LLC, 488 F. 3d at 1102, 1112 (2007). Here, the notice is ineffective because it fails to "contain information identifying the copyrighted work that allegedly has been infringed." NIMMER, supra, § 12B.04[B][2] at 12B-61. Without a correct identification, HSI was under the misimpression that it was being asked to take down infringing photographs of Daisy Fuentes. "The DMCA notification procedures place the burden of policing copyright infringement–identifying the potentially infringing material and adequately documenting infringement–squarely on the owners of the copyright." Perfect 10, Inc., 488 F.3d at 1113. Rosen's takedown notice does not as a matter of law adequately carry this burden because its incorrect identification of the allegedly infringing material made it impossible for HSI to assuredly find that material and assess Rosen's infringement claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV10-2186-CAS (FMOx) | Date | August 16, 2010 |
| Title | BARRY ROSEN v. HOSTING SERVICES, INC. | | |

Rosen's copyrighted photographs of Amy Weber." Id. HSI responds that this characterization conveniently avoids the actual misrepresentations in the notice. Opp. at 1. HSI identifies these misrepresentations as (1) the incorrect descriptions of the images as "[p]hoto[s] of Daisy Fuentes," and (2) the identification of "Andreys Belman" as the individual responsible for the infringement, where HSI has no record of this individual being associated with the website in question. Id. Rosen replies that the reference to Andreys Belman is irrelevant to HSI's claim. Reply at 2. He further points to his letter accompanying the addendum, which sets forth in the disjunctive that the "links or materials identified in the addendums" were infringing. Id. According to Rosen, this use of the disjunctive makes the reference to Daisy Fuentes superfluous and not a misrepresentation. Id. The Court finds that while the incorrect descriptions of the materials in question could be found to be a knowing material misrepresentation, this determination cannot be made on the current record as a matter of law. Therefore, plaintiff's motion for summary judgment on this claim is DENIED.

## V. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment. The Court DENIES defendant's motion to strike defendant's late opposition and GRANTS defendant's motion to file a late reply.

IT IS SO ORDERED.

| | |
|---|---|
| Initials of Preparer | VRV |